# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:19CV7

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> APPROXIMATELY $13,205.54 IN U.S. ) <br> CURRENCY SEIZED FROM RAHKIM ) <br> FRANKLIN ON AUGUST 21, 2018 IN ) <br> RUTHERFORD COUNTY, NORTH ) <br> CAROLINA, ) <br> ) <br> Defendant. ) | **COMPLAINT FOR FORFEITURE *IN REM*** |

NOW COMES the United States of America, Plaintiff herein, by and through R. Andrew Murray, United States Attorney for the Western District of North Carolina, in a civil cause of forfeiture, and respectfully states the following:

## INTRODUCTION

1. This is a civil action *in rem* against approximately $13,205.54 in United States Currency (also identified herein as "the Currency") seized from Rahkim Franklin ("Franklin") during a traffic stop and pursuant to an arrest in Rutherford County, North Carolina.

1

2. This civil action is brought against the Currency because the Currency constitutes money furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 841 and/or 846, proceeds traceable to such an exchange, and/or money used or intended to be used to facilitate a violation of 21 U.S.C. §§ 841 and/or 846, and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

3. Procedures for this action are mandated by 21 U.S.C. § 881, 18 U.S.C. §§ 981, 983, and 984, 19 U.S.C. §§ 1602-1621, and, to the extent applicable, the Federal Rules of Civil Procedure and accompanying Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

4. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355.

5. This Court has venue in this matter pursuant to 28 U.S.C. § 1395.

6. The Currency was seized within and is now within the Western District of North Carolina.

7. Based on the following facts, verified by United States Department of Justice, Drug Enforcement Administration, Task Force Officer James Mode, this action seeks the forfeiture of all right, title, and interest in the Currency.

# RUTHERFORD COUNTY SHERRIFF'S OFFICE CONDUCTS TRAFFIC STOP OF FRANKLIN AND ARRESTS HIM

8. On the afternoon of August 21, 2018, a Rutherford County Sherriff's Office (RCSO) officer observed a white 2016 Honda Accord coupe, North Carolina License Plate EMM-8340, registered to Franklin, drive past the officer on Main Street near the intersection of Depot Street in Forest City, North Carolina. The RCSO officer observed windows darker than legally allowed under North Carolina General Statute § 20-127 and conducted a traffic stop of the Honda.

9. Upon approaching the Honda, the RCSO Officer spoke with the driver and sole occupant, Franklin. Franklin advised that the windows were tinted at 20% and the officer advised Franklin that the legal limit was 35%.[1]

10. The RSCO officer asked Franklin to step out of the Honda and, as Franklin was stepping out of the Honda, the officer noticed the odor of marijuana emitting from the vehicle. Another officer who arrived later at the scene also noticed the odor of marijuana emanating from the Honda.

11. After Franklin stepped out of the Honda, the RCSO officer who had stopped Franklin conducted a window tint test meter test of the window and determined the window tint to be at 16%, and thus illegal in North Carolina.

---

[1] In North Carolina, officers measure window tint by determining a Visible Light Transmission (VLT) percentage—a measure of the percentage of light visible through the window and tint film. Pursuant to N.C.G.S. § 20-127(b)(1), the "total light transmission of the tinted window shall be at least thirty-five percent (35%)."

12. The RCSO officer issued a ticket to Franklin on the window tint violation and then asked Franklin about the odor of marijuana emanating from the Honda. Franklin became agitated and disputed that there was marijuana in the vehicle. Based on the odor, officers of RCSO and the Forest City Police Department conducted a search of the vehicle

13. Law enforcement located marijuana shake inside the vehicle on the driver's seat and floorboard.

14. Law enforcement also located a loaded Smith and Wesson 9mm semi-automatic pistol inside the vehicle under the passenger seat. The pistol was concealed in violation of North Carolina General Statute § 14-269. Law enforcement arrested Franklin based the concealed weapon violation.

15. Upon a search incident to arrest of Franklin, law enforcement located an illegally concealed credit card knife and $5,900 in Franklin's right front pocket. The searches of the Honda and Franklin continued and law enforcement located a large amount of United States Currency, later determined to be a total of $7,015.44, in the vehicle console; $210.10 in a plastic bin in the trunk; and $80 in Franklin's wallet. This currency totals $13,205.54 and constitutes the Currency identified for forfeiture herein.

16. During the search, Franklin's family members and his girlfriend, Shelly Madrano, arrived on scene. Law enforcement recognized Medrano based on prior encounters with her. Medrano claimed that the currency belonged to her but did not explain why she had given it to Franklin.

17. Medrano claimed that the currency consisted of $14,000 and Franklin claimed that the Currency consisted of "possibly $8,000" but neither could explain where she or he worked to earn the Currency.

18. Franklin advised, as reflected on a recorded officer body camera, that he intended to use the Currency to pay-off a loan on his vehicle.

19. Law enforcement seized all of the Currency except for the currency in the console, which law enforcement left in the vehicle since law enforcement determined that, for purposes of officer safety, the vehicle should be towed to the Narcotics Building at 207 Fairground Road, Spindale, North Carolina, so that officers could complete the search in safety .

## K9 ALERTS TO NARCOTICS

20. After law enforcement had towed the Honda to the Narcotics Building, law enforcement removed the $7,015.44 in currency from the console. Thereafter, law enforcement placed the $7,015.44 in currency in a paper bag and in a controlled

"line up" with four other paper bags in the hallway of the Narcotics Building. K9 Deputy Jarrett Guffey allowed his partner, K9 Jango, who is trained in detecting narcotics, to approach each bag and Jango positively alerted only to the bag containing the $7,015.44.

## PRIOR INCIDENTS INVOLVING FRANKLIN

21. Franklin has been implicated in numerous reports and incidents, including but not limited to incidents involving narcotics. Reports and incidents include the following:

    a. On February 4, 2015, law enforcement visited the residence at 121 Hill Street Forest City, North Carolina, in order to arrest Iykiemie Franklin, Rakhim Franklin's brother, on an outstanding warrant for Simple Possession of Schedule II Controlled Substance in violation of North Carolina General Statute § 90-95 (d)(2). Although Iykiemie Franklin was not at the residence, law enforcement did locate Rakhim Franklin and one other individual exiting a laundry room from which an overwhelming smell of marijuana was emanating. One of the individuals advised that the two had just smoked marijuana. Although Franklin and the individual declined consent to search the room, the owner of the residence consented to a search whereby law enforcement ultimately found two large bags of marijuana in the

laundry room. Iykiemie Franklin later returned to the residence and, after his arrest, advised law enforcement that he had purchased the marijuana—constituting two pounds—for $3200 and had also previously purchased as much as ten pounds of marijuana from the same source of supply. Iykiemie Franklin has been convicted in North Carolina of Felony Possession of Schedule VI Controlled Substance, such conviction related to an offense on August 10, 2014; Felony Possession of Cocaine, such conviction related to an offense on January 20, 2015; and Possession of Controlled Substance in Jail.

    b.    In January 2017, a concerned parent delivered a backpack that contained three vacuum sealed bags of marijuana to the Forest City Police Department. The parent advised that the parent had found the backpack while cleaning the child's room in the parent's house. The parent relayed the parent's suspicion that Franklin and his family kept the child high on marijuana and paid small amounts of money to the child so that the child would work for Franklin. The total amount of marijuana in the bags was 470 grams in the first bag, 469 grams in the second bag, and 484 grams in the third bag.

## LAW ENFORCEMENT HAS NOT IDENTIFIED LEGITIMATE INCOME FOR FRANKLIN

22. Although Franklin purportedly operates a detailing business, law enforcement has not identified any information to suggest that Franklin serves customers or generates revenue, much less substantial revenue sufficient to justify his possession of a large amount of currency, via this business, nor has law enforcement identified customers at the purported business location.

## LAW ENFORCEMENT HAS IDENTIFIED A HISTORY OF CRIMINAL CHARGES AGAINST AND CONVICTIONS OF FRANKLIN, INCLUDING DRUG OFFENSES

23. Over the course of the past approximately six and a half years, Franklin has previously been charged in North Carolina with Misdemeanor Larceny in violation of N.C.G.S. § 14-72(a); Misdemeanor Breaking and/or Entering in violation of N.C.G.S. § 14-54(b); Larceny of Dog in violation of N.C.G.S. § 14-81; Contributing to Delinquency of Juvenile in violation of N.C.G.S. § 14-316.1; Felony Possession of Cocaine in violation of N.C.G.S. § 90-95(d)(2); Simple Possession of Marijuana in violation of N.C.G.S. § 90-95(d)(4); Possession of Drug Paraphernalia in violation of N.C.G.S. § 90-113.22(a); Possession of Counterfeit Bills in violation of N.C.G.S. § 14-119(a); First Degree Forcible Sex Offense in violation of N.C.G.S. § 14-27.26; Crime Against Nature in

violation of N.C.G.S. § 14-177; Misdemeanor Assault and Battery in violation of N.C.G.S. § 14-33(a); Communicating Threats in violation of N.C.G.S. § 14-277.1; Assault by Pointing Gun in violation of N.C.G.S. § 14-34; and First Degree Kidnapping in violation of N.C.G.S. § 14-39.

24. Franklin has previously been convicted in North Carolina of Misdemeanor Larceny in violation of N.C.G.S. § 14-72(a); Misdemeanor Breaking and/or Entering in violation of N.C.G.S. § 14-54(b); Contributing to Delinquency of Juvenile in violation of N.C.G.S. § 14-316.1; and Simple Possession of Marijuana in violation of N.C.G.S. § 90-95(d)(4).

## ADMINISTRATIVE FORFEITURE

25. Following the seizure, DEA initiated an administrative forfeiture action against the Currency.

26. Franklin filed a claim for the Currency and contended that the Currency was intended to consummate a real estate transaction.

27. Franklin's administrative forfeiture claim is inconsistent with Franklin's comments at the scene of the stop that he intended to use the Currency to pay-off his car.

28. Further, law enforcement contacted the purported real estate or closing attorney identified in Franklin's administrative claim. The attorney advised that Franklin first contacted the attorney about purchase real estate on August 21, 2018 (the same day as the vehicle stop and seizure). Thus, investigation suggests that Franklin did not plan a real estate purchase prior to the stop and simply fabricated a story about a real estate purchase in order to support his administrative claim.

29. The United States files this Complaint in response to the administrative claim.

## CONCLUSION

30. By virtue of the foregoing, all right, title, and interest in the Currency vested in the United States at the time of the commission of the unlawful act giving rise to forfeiture, 21 U.S.C. § 881(h), and has become and is forfeitable to the United States of America.

WHEREFORE, the United States of America respectfully prays the Court that:

(1) a warrant for the arrest of the Defendant be issued;

(2) due notice be given to all parties to appear and show cause why the forfeiture should not be decreed;

(3) judgment be entered declaring the defendant to be condemned and forfeited to the United States of America for disposition according to law; and (4) the United States be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action, including but not limited to the expenses of maintenance and protection of defendant property as required by 28 U.S.C. § 1921.

Respectfully submitted this 7th day of January, 2019.

           R. ANDREW MURRAY
           UNITED STATES ATTORNEY

           **s/ Benjamin Bain-Creed**
           Florida Bar # 0021436
           Assistant United States Attorney
           Suite 1650, Carillon Building
           227 West Trade Street
           Charlotte, North Carolina 28202
           Telephone: (704) 344-6222
           Email: benjamin.bain-creed@usdoj.gov

STATE OF NORTH CAROLINA
COUNTY OF BUNCOME

## **VERIFICATION**

James Mode deposes and says under penalty of perjury:

I am a Task Force Officer with the Drug Enforcement Administration and one of the agents assigned to this case.

I have read the foregoing Complaint and the factual information contained therein is true according to the best of my knowledge, information, and belief.

_____
James Mode
Task Force Officer

STATE OF NORTH CAROLINA
COUNTY OF BUNCOMBE

I certify that James Mode personally appeared before me this day, acknowledging to me that he signed the foregoing document.

This the __7th__ day of January, 2019.

_____
Notary Public
My Commission Expires: April 22, 2019

BRODY J COLE
NOTARY PUBLIC
BUNCOMBE COUNTY
STATE OF NORTH CAROLINA