# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:19-cv-00007-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>APPROXIMATELY $13,205.54 IN U.S. )<br>CURRENCY SEIZED FROM RAHKIM )<br>FRANKLIN ON AUGUST 21, 2018 IN )<br>RUTHERFORD COUNTY, NORTH )<br>CAROLINA, )<br>)<br>Defendant. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Claimants' Motion to Strike Certain Paragraphs of First Amended Complaint. [Doc. 23].

## I. BACKGROUND

According to the Amended Complaint, on August 21, 2018, an officer with the Rutherford County Sheriff's Office stopped Rahkim Franklin ("Franklin") and searched his vehicle. [Doc. 17 at ¶¶ 8-12]. During the search, the officer discovered a concealed firearm, marijuana shake, and $13,205.54 (the "Defendant Currency"). [Id. at ¶13-15]. The officer arrested Franklin for possession of a concealed firearm and seized the Defendant

Currency. [Id. at ¶ 19-20]. While the arrest was occurring, Shelly Medrano ("Medrano") arrived at the scene and claimed that the Defendant Currency is hers. [Id. at ¶ 16].

The Drug Enforcement Administration ("DEA") initiated an administrative forfeiture action following the seizure of the Defendant Currency. [Id. at ¶ 25]. On January 7, 2019, the Government filed its original Complaint alleging that the Defendant Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6). [Doc. 1].

On February 7, 2019, Franklin and Medrano (collectively "Claimants") filed a Verified "Joint Claim of Ownership," asserting that the Defendant Currency belongs to both of them "and is money they obtained through employment and personal savings." [Doc. 5]. On February 21, 2019, Claimants filed an Answer to the Government's Complaint, which included a motion to strike certain paragraphs of the Complaint. [Doc. 7].

On May 21, 2019, the Claimants filed a motion pursuant to Rule 12(f) of the Federal Rules of Civil Procedure to strike paragraphs 21(a), 21(b), 22, 23, and 24 of the Government's Complaint as immaterial, impertinent, and scandalous. [Docs. 15, 16]. In response to the Claimant's motion, on June 3, 2019, the Government filed an Amended Complaint that corrected certain errors and revised certain paragraphs that were in the original Complaint.

[Doc. 17]. The Court denied the Claimants' motion to strike as moot on June 4, 2019. [Text-only Order entered June 4, 2019].

On June 19, 2019, the Claimants filed their Answer to the Amended Complaint, which included a motion to strike certain paragraphs of the Amended Complaint. [Doc. 19]. On August 12, 2019, the Claimants again filed a motion pursuant to Rule 12(f) of the Federal Rules of Civil Procedure to strike paragraphs 21(a), 21(b), 22, 23, and 24 of the Government's Complaint as immaterial, impertinent, and scandalous. [Docs. 23, 24].

Those paragraphs read as follows:

> 21. Franklin has been implicated in numerous reports and incidents, including but not limited to incidents involving narcotics. Reports and incidents include the following:
>
> a. On February 4, 2015, law enforcement visited the residence at 121 Hill Street Forest City, North Carolina, in order to arrest Iykiemie Franklin, Rakhim [sic] Franklin's brother, on an outstanding warrant for Simple Possession of Schedule II Controlled Substance in violation of North Carolina General Statute § 90-95 (d)(2). Although Iykiemie Franklin was not at the residence, law enforcement did locate Rakhim [sic] Franklin and one other individual exiting a laundry room from which an overwhelming smell of marijuana was emanating. One of the individuals advised that the two had just smoked marijuana. Although Franklin and the individual declined consent to search the room, the owner of the residence consented to a search whereby law enforcement ultimately found two large bags of marijuana in the laundry room.

b. In January 2017, a concerned parent delivered a backpack that contained three vacuum sealed bags of marijuana to the Forest City Police Department. The parent advised that the parent had found the backpack while cleaning the child's room in the parent's house. The parent relayed the parent's suspicion that Franklin and his family kept the child high on marijuana and paid small amounts of money to the child so that the child would work for Franklin. The total amount of marijuana in the bags was 470 grams in the first bag, 469 grams in the second bag, and 484 grams in the third bag.

22. Although Franklin purportedly operates a detailing business, law enforcement has not identified any information to suggest that Franklin serves customers or generates revenue, much less substantial revenue sufficient to justify his possession of a large amount of currency, via this business, nor has law enforcement identified customers at the purported business location.

23. Franklin has previously been charged in North Carolina with, among other things, Felony Possession of Cocaine in violation of N.C.G.S. § 90-95(d)(2); Simple Possession of Marijuana in violation of N.C.G.S. § 90-95(d)(4); and Possession of Drug Paraphernalia in violation of N.C.G.S. § 90-113.22(a).

24. Franklin has previous convictions, including for Simple Possession of Marijuana in violation of N.C.G.S. § 90-95(d)(4).

The Government has filed an opposition to the Claimants' motion. [Doc. 25].

Having been fully briefed, this matter is ripe for disposition.

## II. STANDARD OF REVIEW

Rule 12(f) states that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Rule 12(f) motions are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (citation and quotation marks omitted). "A motion to strike places a 'sizable burden on the movant,' and would typically require a showing that denial of the motion would prejudice the movant." Miller v. Rutherford County, No. 1:08-cv-441, 2008 WL 5392057, at *4 (W.D.N.C. Dec. 19, 2008) (citations omitted). Such motion will be denied unless the "challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties." Scherer v. Steel Creek Prop. Owner Ass'n, No. 1:13-cv-121, 2014 WL 813824, at *1 (W.D.N.C. Mar. 3, 2014) (citation omitted).

## III. DISCUSSION

### A. Paragraphs 21(a) and 21(b)

Paragraphs 21(a) and 21(b) allege that Franklin previously had some connection to two drug-related incidents. [Doc. 17 at ¶ 21]. The Claimants,

5

however, argue that paragraphs 21(a) and 21(b) "have no other purpose than to prejudice the Court and the trier of fact" and are "immaterial." [Doc. 24 at 5-6]. The Government counters that "[p]revious incidents that concern Mr. Franklin's involvement with drugs bear directly on the subject matter of this litigation, and indeed, support the Government's case." [Id.]. The Government argues that it is "[t]he Government's theory in this case that the Defendant Currency seized from Mr. Franklin constitutes drug proceeds, or was money used or intended to be used to facilitate a violation of the drug trafficking laws." [Doc. 25 at 9].

"A claimant's record of drug activity is a highly probative factor in the forfeiture calculus." United States v. $67,220.00 in U.S. Currency, 957 F.2d 280, 286 (6th Cir. 1992) (citation omitted). As such, it is possible that a person's "history of involvement with illegal drugs," United States v. Currency, U.S., $147,900.00, 450 F. App'x 261, 264 (4th Cir. 2011), or their "contemporaneous affiliation with known drug traffickers," United States v. Ten Thousand Seven Hundred Dollars & No Cents in U.S. Currency, 258 F.3d 215, 224 (3d Cir. 2001), can serve as evidence in a forfeiture proceeding.

The allegations contained in paragraphs 21(a) and 21(b) are not "immaterial, impertinent, or scandalous" because they put the Claimants on

notice of evidentiary avenues in which the Government may seek to connect Franklin to drug activities. As such, the Claimants' motion to strike paragraphs 21(a) and 21(b) will be denied.

**B.     Paragraph 22**

Paragraph 22 alleges that law enforcement has not found information related to Franklin's detailing business that suggests that Franklin has any legitimate income. [Doc. 17 at ¶ 22]. The Claimants argue that paragraph 22 consists of "innuendo and insult" and represents "Orwellian allegations" that are "immaterial and impertinent" and made "for one purpose: to create prejudice." [Doc. 24 at 6]. The Government counters that "allegations involving Mr. Franklin's lack of legitimate income bear a direct and logical connection to the facts of this case." [Doc. 25 at 11].

A person's reported income and work history can help determine if currency implicated in a forfeiture proceeding is connected to drug activities. See United States v. $174,206.00, 320 F.3d 658, 662 (6th Cir. 2003); see also Currency, U.S., $147,900.00, 450 F. App'x at 264.

The allegations contained in paragraph 22 are not "immaterial, impertinent, or scandalous" because they put the Claimants on notice of evidence the Government may adduce to show that the Defendant Currency

is connected to drug activities rather than Franklin's legitimate business. As such, the Claimants' motion to strike paragraph 22 will be denied.

### C.     Paragraphs 23 and 24

Paragraph 23 lists Franklin's prior drug charges and paragraph 24 lists a single conviction for marijuana possession. [Doc. 17 at ¶ 23, 24]. The Claimants argue that those paragraphs fail to mention that "most [of the] charges were dismissed" and that this Court has previously ruled that the inclusion of a criminal record "is immaterial, impertinent and prejudicial." [Doc. 24 at 6-7] (citing E.E.O.C. v. Bo-Cherry, Inc., No. 3:13-CV-00210-MOC, 2013 WL 2317724, at *2 (W.D.N.C. May 28, 2013). The Government counters that the criminal charges are facts in their own right and that Bo-Cherry and this case are incomparable. [Doc. 25 at 12].

The Complaint alleges facts regarding drug charges that have been brought against Franklin. The Government did not have to include that some of those charges were dismissed because the complaint is not required to include every fact that the Claimants deem relevant or contextual. Moreover, the Claimants have failed to show that denial of their motion would "cause some form of significant prejudice to one or more of the parties to the action." Scherer, 2014 WL 813824, at *1.

8

The Claimants further argue that Bo-Cherry requires criminal records to be stricken from complaints as immaterial, impertinent, and scandalous. [Doc. 24 at 6]. Bo-Cherry, however said that "[a] pleading should only be stricken when the pleading bears no relationship to the controversy." Bo-Cherry, Inc., 2013 WL 2317724 at *1 (citing Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (6th Cir. 1953)). Bo-Cherry was an employment discrimination case, where the criminal record was irrelevant to the issues involved. 2013 WL 2317724, at *2.

This case, however, involves civil asset forfeiture related to drug activities. While it may be questionable as to whether evidence of prior convictions may be admissible at trial, there is a possibility that they will be. See Currency, U.S., $147,900.00, 450 F. App'x at 264 (evidence of a person's "history of involvement with illegal drugs" is relevant in a forfeiture proceeding). Therefore, the allegations contained in paragraph 24 are not "immaterial, impertinent, or scandalous" because they connect Franklin to drug activities and will not be stricken.

The allegations in paragraph 23 are more problematic. They simply set forth that Franklin has previously been *accused* of drug activities. It is unlikely that the mere fact of his arrest would be relevant to prove his participation in drug activities, or that such evidence would be admissible at

trial. To the extent, however, that the allegations in paragraph 23 are merely a short-hand manner of giving notice of the facts that may have prompted such charges, this paragraph is not immaterial, impertinent or scandalous. Therefore, this paragraph will likewise not be stricken. In the future, however, the Government's counsel is encouraged not to plead the basis for forfeiture in such an imprecise manner.

## IV. CONCLUSION

The Claimants have failed to meet their high burden to show that denial of their Rule 12(f) motion would prejudice them or that the allegations contained in the Amended Complaint are "immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). Accordingly, Motion to Strike Certain Paragraphs of First Amended Complaint [Doc. 23] will be denied.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that the Claimants' Motion to Strike Certain Paragraphs of First Amended Complaint [Doc. 23] is **DENIED**.

**IT IS SO ORDERED.**

Signed: September 30, 2019

Martin Reidinger
United States District Judge