# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:19-cv-00007-MR

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> **APPROXIMATELY $13,205.54 IN U.S.** ) <br> **CURRENCY SEIZED FROM RAHKIM** ) <br> **FRANKLIN ON AUGUST 21, 2018 IN** ) <br> **RUTHERFORD COUNTY, NORTH** ) <br> **CAROLINA,** ) <br> ) <br> Defendant. ) <br> _____ ) | **MEMORANDUM OF** <br> **DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Claimants' Renewed Motion to Dismiss First Amended Complaint for Lack of Subject Matter Jurisdiction [Doc. 31].

## I. BACKGROUND[1]

Viewing the allegations of the Government's Amended Complaint [Doc. 17] in the light most favorable to the Government, the following is a recitation of the relevant facts.

---

[1] In considering the motion to dismiss, the Court accepts the allegations in the Complaint as true and construes those allegations in the light most favorable to the Government. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 190-92 (4th Cir. 2009).

On August 21, 2018, an officer with the Rutherford County Sheriff's Office stopped Rahkim Franklin ("Franklin") because of the window tint on his vehicle. [Id. at ¶¶ 8-9]. During the stop, the officer noticed the odor of marijuana coming from the vehicle and searched Franklin's vehicle. [Id. at ¶¶ 9-10]. During the search, the officer discovered a concealed firearm, marijuana shake, and $13,205.54 (the "Defendant Currency"). [Id. at ¶¶ 13-15].[2] The officer arrested Franklin for possession of a concealed weapon and seized the Defendant Currency. [Doc. 17 at ¶¶ 19-20]. While the arrest was occurring, Shelly Medrano ("Medrano") arrived at the scene and claimed ownership of some of the Defendant Currency. [Id. at ¶ 16].

On August 28, 2018, Franklin and Medrano (collectively the "Claimants") filed a Verified "Motion in the Cause" in Rutherford County District Court requesting the return of the property that was seized from Franklin, including the Defendant Currency. [Doc. 32-5]. A hearing on Franklin's motion was scheduled for September 5, 2018, and copies of the Claimants' motion and the notice of the September 5 hearing were both served on the Rutherford County Sheriff's Office on August 28, 2018. [Id.].

---

[2] A review of the record raises questions about the precise amount of the Defendant Currency. This matter's caption states that the Defendant Currency is approximately $13,205.54. The documents from the Rutherford County Sheriff's Office show that they seized $13,216.54 from Franklin. [Doc. 32-3]. The documents from the U.S. Marshals Service and the Department of Justice show that they are holding $13,219.68. [Docs. 4; 32-9].

On August 28, 2018, a Detective with the Rutherford County Sheriff's Office completed a federal adoption request and submitted it to the Drug Enforcement Administration ("DEA"). [Doc. 32-7]. The DEA approved that request on August 30, 2018. [Id.]. On August 28, 2018, the Rutherford County Sheriff's Office converted the Defendant Currency into a Cashier's Check made payable to the U.S. Marshals Service in the amount of $13,219.68. [Doc. 32-9].

On September 5, 2018, the date of the hearing, an officer with the Rutherford County Sheriff's Office drove the cashier's check from Rutherfordton to Asheville and turned it over to the DEA. [Doc. 32-10 at 1-4]. On September 6, 2018, the DEA transferred the cashier's check to the U.S. Marshals Office for forfeiture proceedings. [Doc. 32-11 at 6]. On September 7, 2018, the Rutherford County District Court issued an Order stating that it lacked jurisdiction over the Defendant Currency because the Defendant Currency had been transferred to "by the Rutherford County Sheriff's Department to the DEA" and therefore held that the Defendant "Currency is now held in the custody of the DEA." [Doc. 32-12].

The DEA initiated an administrative forfeiture action. [Doc. 17 at ¶ 25]. On January 7, 2019, the Government filed its original Complaint alleging that the Defendant Currency is subject to forfeiture pursuant to 21 U.S.C. §

881(a)(6). [Doc. 1 at ¶ 2]. On February 7, 2019, the Claimants filed a Verified "Joint Claim of Ownership," asserting that the Defendant Currency belongs to both of them "and is money they obtained through employment and personal savings." [Doc. 5]. On February 21, 2019, the Claimants filed an Answer to the Government's Complaint. [Doc. 7].

On June 3, 2019, the Government filed an Amended Complaint correcting errors in the original complaint. [Doc. 17]. On June 19, 2019, the Claimants filed their Answer to the Amended Complaint, which included a "place holder" motion to dismiss. [Doc. 19]; LCvR 7.1(1) ("Motions to dismiss in answers to complaints . . . are deemed to be made merely to preserve the issue and will not be addressed by the Court."). On January 13, 2020, the Claimants filed a "Renewed" Motion to Dismiss First Amended Complaint for Lack of Subject Matter Jurisdiction. [Doc. 31]; LCvR 7.1(1) ("A party seeking a decision on any preserved motion must file a separate motion and supporting brief."). The Government has responded to that motion, [Doc. 35], and the Claimants have replied [Doc. 40].

Having been fully briefed, this matter is ripe for disposition.

## II. STANDARD OF REVIEW

A motion to dismiss based on Federal Rule of Civil Procedure 12(b)(1) addresses whether the Court has subject-matter jurisdiction to hear the

dispute.  See Fed. R. Civ. P. 12(b)(1).  A challenge to the Court's subject matter jurisdiction under 12(b)(1) may be raised as either a facial or factual attack.  See Hutton v. Nat'l Bd. Of Exam'rs in Optometry, Inc., 892 F.3d 613, 621 n.7 (4th Cir. 2018).  In a facial attack, where a defendant contends that a complaint fails to allege facts upon which the Court can base subject matter jurisdiction, the Court must assume as true the factual allegations in the complaint.  Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).  If, however, the defendant makes a factual attack by contending that the jurisdictional allegations contained in the complaint are false, the Court may go beyond the allegations of the complaint and in order to determine if the facts support the Court's exercise of jurisdiction over the dispute.  Id.  The burden of establishing subject matter jurisdiction on a motion to dismiss rests with the party asserting jurisdiction, in this case the Government.  Id.; Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995).

## III.  DISCUSSION

Pursuant to 21 U.S.C. § 881(a)(6), any "moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical" and "all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to

facilitate" a drug trafficking crime are subject to forfeiture to the United States. 21 U.S.C. § 881(a)(6). It is pursuant to this provision that the Government seeks forfeiture of the Defendant Currency seized during the traffic stop of Franklin.

In a civil forfeiture case, the Government bears the initial burden of establishing by a preponderance of the evidence that the subject property is subject to forfeiture. 18 U.S.C. § 983(c)(1); United States v. Sims, 578 F. App'x 218, 219 (4th Cir. 2014). "Once the government has made this showing, the burden shifts to the claimant to prove by a preponderance of the evidence 'that the factual predicates for forfeiture have not been met.'" United States v. One Parcel of Real Estate Located at 7715 Betsy Bruce Lane Summerfield, N.C., 906 F.2d 110, 111 (4th Cir. 1990) (quoting United States v. Banco Cafetero Panama, 797 F.2d 1154, 1160 (2d Cir. 1986). "The claimant may meet this burden either by rebutting the government's evidence or by showing that the claimant is an innocent owner." United States v. Cleckler, 270 F.3d 1331, 1334 (11th Cir. 2001); see also 18 U.S.C. § 983(d). "If the claimant cannot produce any such evidence, summary judgment is properly granted to the government . . . ." Id. at 111 (citing United States v. Premises and Real Property at 4492 South Livonia Rd., Livonia, N.Y., 889 F.2d 1258, 1267 (2d Cir. 1989)).

### 1. Claimants' First Argument

The Claimants' first argument in support of their motion to dismiss is that this Court has no jurisdiction over the Defendant Currency because state drug charges were never brought against Franklin in connection with the traffic stop where the Defendant Currency was seized. [Doc. 32 at 7-8].

"Federal forfeitures under section 881 are civil in nature and are *in rem* proceedings." United States v. Winston-Salem/Forsyth Cty. Bd. of Educ., 902 F.2d 267, 271 (4th Cir. 1990) (citing United States v. One 1985 Cadillac Seville, 866 F.2d 1142, 1145 (9th Cir. 1989)). In such actions, a "conviction for the underlying criminal activity is not a prerequisite for forfeiture of the property." One Parcel of Real Estate Located at 7715 Betsy Bruce Lane Summerfield, N.C., 906 F.2d at 112. Rather, that "property is subject to forfeiture even if its owner is acquitted of — or never called to defend against — criminal charges." Id.; see also United States v. One 1987 Jeep Wrangler Auto. VIN No. 2BCCL8132HBS12835, 972 F.2d 472, 476 (2d Cir. 1992) ("A forfeiture proceeding may even be commenced where no criminal action is brought.").

Here, the Government has brought an *in rem* civil forfeiture action under 21 U.S.C. § 881(a)(6). [Doc. 17 at ¶ 2]. While Franklin was not charged or convicted of a drug crime in connection with the seizure of the

Defendant Currency, that fact does not control whether the property is subject to civil forfeiture under 881(a)(6). As such, this Court is not deprived of subject-matter jurisdiction simply because criminal charges were never brought against Franklin. Accordingly, the Claimants' first argument in support of their motion to dismiss is without merit.

### 2. Claimants' Second Argument

The Claimants' second argument in support of their motion to dismiss is that the Government never had jurisdiction over the *res* because the Rutherford County District Court obtained jurisdiction prior to the DEA's adoption of the seizure. [Doc. 32 at 8].

"Since the earliest days of the Republic the rule has been established that, when state and federal courts each proceed against the same *res*, 'the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other.'" United States v. $79,123.49 in United States Cash and Currency, 830 F.2d 94, 96 (7th Cir.1987) (quoting in part Penn General Casualty Co. v. Pennsylvania, 294 U.S. 189, 195 (1935)). "The purpose of the rule is '[t]o avoid unseemly and disastrous conflicts in the administration of our dual judicial system, and to protect the judicial processes of the court first assuming jurisdiction.'" Id. (citing Penn General Casualty Co., 294 U.S. at 195). As such, "'[o]nly one court may

exercise jurisdiction over property at a time, and the first court to obtain jurisdiction maintains it until it is relinquished.'" City of Concord, N.C. v. Robinson, 914 F. Supp. 2d 696, 705 (M.D.N.C. 2012) (citing Stefan D. Cassella, *Asset Forfeiture Law in the United States* §§ 7–8, at 274 (2d ed. 2013)). If, however, the first court relinquishes jurisdiction over the property, another court may exercise jurisdiction over it later. See Scarabin v. DEA, 966 F.2d 989, 995 (5th Cir.1992)

A court "has the jurisdiction to decide whether it has jurisdiction, and such decisions cannot generally be collaterally attacked." Robinson, 914 F. Supp. 2d at 711 n.12 (citing Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 n.9 (1982) ("A party that has had an opportunity to litigate the question of subject-matter jurisdiction may not . . . reopen that question in a collateral attack upon an adverse judgment.")).[3] As such, a state court's determination that it does not have subject-matter jurisdiction is final and cannot be challenged in federal court. See Hooks v. Hooks, 771 F.2d 935, 949 (6th Cir. 1985) ("It is well-settled . . . that full faith

---

[3] "Whether the filing of a motion to return seized property vests the state court with *in rem* jurisdiction . . . is a state law question not yet squarely addressed by North Carolina courts." Id. at 709. That question, however, is irrelevant to this dispute because the state court clearly relinquished any claim it might have had to jurisdiction over the Defendant Currency. [See Doc. 32-12 at 2].

and credit extends to state court determinations of subject matter jurisdiction over a controversy, as well as the merits of the controversy itself.").

In this case, the Rutherford County District Court explicitly found that it "does not have jurisdiction over the [Defendant] Currency." [Doc. 32-12 at 2]. That decision is final and cannot be challenged here. Robinson, 914 F. Supp. 2d at 711. As such, there is no competing *in rem* proceeding in state court barring this Court from exercising subject-matter jurisdiction over the Defendant Currency. Moreover, the timing of the adoption and transfer of the Defendant Currency does not bar this Court's exercise of subject-matter jurisdiction because the state court has expressly declined to exercise any claim to *in rem* jurisdiction that it may have over the Defendant Currency. Accordingly, the Claimants' second argument in support of their motion to dismiss is without merit.

### 3. Claimants' Third Argument

Finally, the Claimants argue that the Government has no standing to bring this action for *in rem* forfeiture because it never had physical control over the actual *res* seized in this case. [Doc. 32 at 10]. Specifically, the Claimants argue that the "conversion of the cash and coin to a [c]ashier's [c]heck destroyed the *res* and thus without the *res*, there should be no *in rem* forfeiture." [Id. at 11].

Several courts have rejected the Claimants' argument that converting seized cash to a check destroys the *res*. See United States v. Thomas, 319 F.3d 640, 644 (3d Cir. 2003); Madewell v. Downs, 68 F.3d 1030, 1042 n.14 (8th Cir. 1995); United States v. $46,588 in U.S. Currency and $20.00 in Canadian Currency, 103 F.3d 902, 905 (9th Cir. 1996); United States v. $40,000 in U.S. Currency, No. 3:13-cv-00405-LRH-VPC, 2014 WL 2960386, at *2 (D. Nev. June 27, 2014); United States v. $506,641.00 in U.S. Currency, No. 93 C 1603, 1993 WL 398786, at *5 (N.D. Ill. Oct. 6, 1993); United States v. $23,100.00 in U.S. Currency, No. CV 03-538 JP/RHS, 2005 WL 8164262, at *2 (D.N.M. Feb. 18, 2005). But see Scarabin v. DEA, 966 F.2d 989, 993 (5th Cir. 1992). Those courts have generally "held that 'the cashier's check was an appropriate, fungible surrogate for the seized currency[,]'" Thomas, 319 F.3d at 644 (quoting Madewell, 68 F.3d 1030 at 1042 n. 14), and that "[t]his approach accords comfortably with the jurisprudence of civil forfeiture." Id. They have also found that a check obtained with the seized cash falls within the definition of "21 U.S.C. § 881(a)(6) as part of the "proceeds

traceable to" a drug transaction under 21 U.S.C. § 881(a)(6). $506,641.00 in U.S. Currency, 1993 WL 398786, at *5.[4]

Based thereon the Court concludes that it has subject-matter jurisdiction over the *res* of the currency or the proceeds traceable to such currency.[5] Accordingly, the Claimants' third argument in support of their motion to dismiss is without merit.[6]

### 4. Claimants' Fourth Argument

For the first time in their reply brief, the Claimants raise a fourth argument in support of their motion to dismiss. [Doc. 40]. Specifically, the

---

[4] The Claimants cite to Scarabin v. DEA, 966 F.2d 989, 993 (5th Cir. 1992) for the proposition that that a federal court cannot have *in rem* jurisdiction over seized proceeds if the Government possesses a cashier's check instead of the actual cash that was actually seized. As seen in the cases cited above, however, Scarabin represents the minority position.

[5] The Claimants also argue that they have been prejudiced by being "deprived of any opportunity to examine the cash or to have it examined more carefully for any controlled substance." [Doc. 32 at 11]. While courts have recognized that "it behooves authorities to preserve seized money in the form in which they seized it when they intend to use it as physical evidence in a trial[,]" Thomas, 319 F.3d at 644, the question of whether the Claimants were prejudiced by the conversion of the Defendant Currency to a cashier's check is an evidentiary matter that goes beyond the jurisdictional question at hand. See United States v. $433,980 in U.S. Currency, 473 F. Supp. 2d 672, 683 (E.D.N.C. 2006) (denying a motion to preclude evidence despite officers "converting and ultimately depositing the seized currency" instead of preserving it for testing or examination).

[6] This determination that the Court has jurisdiction does not dispose of the question of whether the Government will be able to prove the claim it has pleaded, namely the forfeit of *currency* that the Government has never possessed.

12

Claimants argue that the forfeiture should be dismissed "because there was no authority and no probable cause to seize the funds." [Doc. 40 at 5].[7]

By raising their fourth argument for the first time in their reply brief, the Claimants have deprived the Government of a reasonable opportunity to respond to that argument. D.O. Creasman Elecs., Inc. v. United States, No. 1:10CV86, 2011 WL 1234394, at *2 n.2 (W.D.N.C. Mar. 30, 2011) (Reidinger, J.); see also United States v. O'Nan, No. 1:10CR44, 2011 WL 815680, at *4 (W.D.N.C. Feb. 25, 2011) (Reidinger J.), aff'd, 452 F. App'x 280 (4th Cir. 2011) (citing United States v. Connor, 273 F. App'x 245, 247 (4th Cir. 2008); Yousefi v. INS, 260 F.3d 318, 326 (4th Cir. 2001)). Moreover, the Claimants' fourth argument runs afoul of the Pretrial Order and Case Management Plan entered in this matter by going beyond the scope of "newly raised matters" in the Government's response. [Doc. 10 at 5]. As

---

[7] There is an ongoing dispute as to whether showing "probable cause" is "an independent requirement imposed in all civil asset forfeiture proceedings by 19 U.S.C. § 1615, or whether it was an element of § 1615's burden of proof, and was eliminated for purposes of civil asset forfeiture proceedings with the passage of § 983(c)." United States v. $307,970.00 in U.S. Currency, 124 F. Supp. 3d 687, 693 (E.D.N.C. 2015); see United States v. $493,850.00 in US Currency, 518 F.3d 1159, 1169 (9th Cir. 2008) (holding that the passage of § 983(c) "did not abrogate 19 U.S.C. § 1615's requirement that the government show probable cause to institute a forfeiture action."); but see United States v. Lopez-Burgos, 435 F.3d 1, 2 (1st Cir. 2006); U.S. v. $557,933.89, More or Less, in U.S. Funds, 287 F.3d 66, 77 (2d Cir. 2002) (holding that 19 U.S.C. § 1615 was superseded by § 983(c)). Because the Court declines to address the Claimants' fourth argument, the Court does not need to address that dispute.

such, the Court will not address the Claimants' fourth argument in support of their motion to dismiss.[8]

## IV. CONCLUSION

For these reasons, the Court concludes that the Claimants' arguments in support of their motion to dismiss are without merit. Accordingly, the Claimants' Renewed Motion to Dismiss First Amended Complaint for Lack of Subject Matter Jurisdiction [Doc. 31] is denied.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Claimants' Renewed Motion to Dismiss First Amended Complaint for Lack of Subject Matter Jurisdiction [Doc. 31] is **DENIED**.

Signed: February 28, 2020

Martin Reidinger
United States District Judge

---

[8] Even if the probable cause requirement of § 1615 remains, the Claimants point to no authority indicating that such requirement is jurisdictional.