THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00007-MR

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| APPROXIMATELY $13,205.54 IN U.S. ) | |
| CURRENCY SEIZED FROM RAHKIM ) | |
| FRANKLIN ON AUGUST 21, 2018 IN ) | |
| RUTHERFORD COUNTY, NORTH ) | |
| CAROLINA, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Government's Motion to Reopen and Supplement the Record with Newly Discovered Evidence [Doc. 90].

**I. BACKGROUND**

This is a civil forfeiture matter arising from the seizure of the Defendant Currency during the August 21, 2018 traffic stop involving the Claimant Rahkim Franklin. This matter came to be tried by the Court without a jury on May 6 and 7, 2021, and it is currently under advisement with the Court for the issuance of findings of fact and conclusions of law.

On November 9, 2021, the Government filed the present motion seeking to reopen and supplement the record with "newly discovered" evidence, namely the arrest of Mr. Franklin on a felony concealed weapons charge on November 2, 2021, as well as evidence of the property discovered thereafter.[1] [Doc. 90]. The Government contends that this evidence is highly probative of Mr. Franklin's intent to engage in drug trafficking, further discredits Mr. Franklin's trial testimony, and provides additional support for the Government's contention that the Defendant Currency is drug proceeds. [See Doc. 91].

## II. STANDARD OF REVIEW

The Court may, in the exercise of its discretion, reopen a case in order to admit new evidence.[2] Levy v. Lexington Cty., S.C., 589 F.3d 708, 714 (4th Cir. 2009). In determining whether a case should be reopened, the Court considers "whether (1) the evidence sought to be introduced is

---

[1] It is alleged that Mr. Franklin was found alone in a residence in Charlotte with approximately 1.5 pounds cocaine, a Glock pistol, and $3,480.00 in U.S. Currency. [See Doc. 90 at 1].

[2] In addition to reopening the evidence, the Government moves to supplement the record with evidence of Mr. Franklin's subsequent arrest. "To allow one side to supplement the record without allowing the opposing party the opportunity to contest the admissibility, reliability, and accuracy of the new evidence, and to offer rebuttal evidence, would implicate due process concerns." Levy, 589 F.3d at 714 n.8. As such, the Court will limit its analysis to whether the case may be reopened in order to admit the new evidence.

2

especially important and probative; (2) the moving party's explanation for failing to introduce the evidence earlier is bona fide; and (3) reopening will cause undue prejudice to the nonmoving party." Id.

## III. DISCUSSION

The evidence that the Government now seeks to introduce is not particularly probative with respect to any facts at issue in the instant forfeiture action. The primary issue in this case is whether the Defendant Currency seized during the traffic stop of Mr. Franklin on August 21, 2018 was proceeds traceable to drug trafficking activity. If the Government were able to present evidence of Mr. Franklin's involvement in drug trafficking at or around the time of this traffic stop, such evidence may be probative on that issue. Such evidence also could possibly serve to discredit Mr. Franklin's testimony that the Defendant Currency seized in 2018 was not the proceeds of drug trafficking activities. However, the arrest of Mr. Franklin in 2021, *more than three years* after the seizure at issue, is too remote in time to be probative on these points.

Moreover, it appears from what the Government has presented in its present motion that Mr. Franklin has only been *charged* with a criminal offense; he is entitled to a presumption of innocence as to that charge until he is proven guilty. Further, it appears that Mr. Franklin was charged with a

3

Case 1:19-cv-00007-MR-WCM   Document 97   Filed 03/16/22   Page 3 of 4

firearms offense; there is nothing in the Government's motion to indicate that Mr. Franklin was charged with any drug offense, such as possession with intent to distribute, with respect to the cocaine that was purportedly discovered in the residence where he was arrested.

For all of these reasons, the Court finds that this proposed new evidence is not probative with respect to the issues of Mr. Franklin's credibility or the forfeitability of the Defendant Currency seized in 2018. Further, the Court finds that the reopening the record at this time to permit the introduction of such evidence would be unduly prejudicial to the Claimants. Accordingly, the Government's motion to reopen the record of this matter is denied.

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Reopen and Supplement the Record with Newly Discovered Evidence [Doc. 90] is **DENIED**.

**IT IS SO ORDERED.**

Signed: March 16, 2022

Martin Reidinger
Chief United States District Judge