IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:19-cv-7-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| APPROXIMATELY $13,205.54 IN U.S. | ) |
| CURRENCY SEIZED FROM RAHKIM | ) |
| FRANKLIN ON AUGUST 21, 2018 IN | ) |
| RUTHERFORD COUNTY, NORTH | ) |
| CAROLINA, | ) |
| | ) |
| Defendant. | ) |

## GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE CLAIMANTS' UNTIMELY MOTION FOR ATTORNEY FEES AND MATERIALS FILED IN SUPPORT THEREOF

The Government hereby files this memorandum of law in support of its motion to strike Claimants' motion for attorneys' fees and materials filed in support thereof for lack of timeliness.

In a civil forfeiture case that involved the seizure of approximately $13,000, Claimants have filed a motion for attorneys' fees seeking $233,859.84. *See* Doc. 98. The Government respectfully submits that Claimants' fee request is excessive. However, before reaching the substance of Claimants' fee request, there is a threshold procedural issue that the Court must address. Specifically, Claimants

1

failed to timely file their motion in accordance with Fed. R. Civ. P. 54(d)(2), and they have not articulated how they can show excusable neglect under Fed. R. Civ. P. 6(b)(1)(B).[1]

The Federal Rules of Civil Procedure require a party seeking attorney's fees to file their motion no later than 14 days after entry of judgment. Fed. R. Civ. P. 54(d)(2). The only exception to this 14-day deadline is where a statute or a court order sets a different deadline. *See* Fed. R. Civ. P. 54(d)(2)(B). No such statute or order exists in this case.

Here, the Clerk entered judgment on March 16, 2022. Doc. 96. Accordingly, Claimants' motion for attorneys' fees was due by March 30, 2022. Claimants did not file their motion for attorneys' fees until May 24, 2022—55 days beyond the deadline. Moreover, Claimants did not file a motion to extend the deadline for filing their fee application, nor did they attempt in their motion to assert that excusable neglect somehow justifies their late filing. Claimants' motion for attorneys' fees is untimely and should be denied on this basis alone.[2]

---

[1] In the event that the Court denies this motion to strike, the Government has also filed a motion for an extension of time to respond to the substance of Claimants' motion for attorneys' fees.

[2] In addition to attorneys' fees, Claimants also seek costs of $5,156.37. Doc. 98, ¶ 22. Claimants have thus far failed to follow the appropriate procedure to seek costs. Under this Court's local rules, Claimants may seek nontaxable costs by filing a bill of costs with the Clerk within 30 days after the expiration of the time allowed for

2

Case 1:19-cv-00007-MR-WCM   Document 103   Filed 06/06/22   Page 2 of 5

Numerous courts have denied a prevailing party's motion for attorneys' fees when it fails to file the fee request in a timely manner. *See, e.g., Gaskins v. BFI Waste Servs., LLC,* 281 F. App'x 255, 260 (4th Cir. 2008) (reversing and remanding district court order awarding attorney fees after untimely fee motion where district court failed to assess whether the party seeking fees demonstrated excusable neglect); *Valero v. Terrestrial Corp. v. McCoy*, 37 F. App'x. 683, 684 (4th Cir. 2002) (affirming district court's denial of untimely fee application); *Bender v. Freed*, 436 F.3d 747 (7th Cir. 2006) (affirming district court's denial of fee application submitted 34 days after final judgment was entered); *Quigley v. Rosenthal*, 427 F.3d 1232, 1236-38 (10th Cir. 2005) (affirming district court's denial of motion for attorneys' fees as being untimely that was filed 45 days after judgment); *Allen v. Murph*, 194 F.3d 722, 723-24 (6th Cir. 1999) (affirming district court's denial of motion for attorneys' fees that was filed 13 days late, noting that "[c]arelessness . . . of attorneys in allowing the 14-day period to run was inexcuseable"); *Logue v. Dore*, 103 F.3d 1040, 1047 (1st Cir. 1997) (right to attorneys' fees waived by "failure to file and serve a properly-supported application within fourteen days of the entry of

---

appeal. *See* LCvR 54.1. Because the Government was a party to this case, the deadline to file an appeal did not run until May 16, 2022. *See* Fed. R. App. P. 4(a)(1)(B). Accordingly, Claimants have until June 15, 2022, to file their bill of costs. Claimants' attempt to seek nontaxable costs as part of their motion for attorneys' fees without filing the proper bill with the Clerk does not comply with this Court's local rules.

3

judgment"); *Atlantic Coast Pipeline, Inc. v. 3.612 Acres,* No. 5:18-cv-363-BO, 2021 WL 2666852, at *2 (E.D.N.C. June 29, 2021) (denying motion for attorneys' fees filed 14 days late as untimely); *Peter B. v. Buscemi*, No. 6:10-767-TMC, 2017 WL 4457775, at *1-4 (D.S.C. July 28, 2017), *aff'd* 728 F. App'x. 205 (4th Cir. 2018) (granting motion to strike attorneys' fees request that was filed more than 2 years late); *Hamilton Beach Brands, Inc. v. Sunbeam Prods., Inc.*, No. 3:11-cv-345, 2012 WL 5473752, at *1 (E.D. Va. Nov. 9, 2012) (granting motion to strike motion for attorney fees filed 20 days after judgment); *Juniper Networks, Inc. v. Graphon Corp.*, No. 1:09-cv-287, 2009 WL 10730876, at *1-2 (E.D. Va. Dec. 18, 2009), *aff'd* 397 Fed. App'x. 660 (2010) (granting motion to strike motion for attorneys' fees that was filed 1 day late).

The only way for Claimants to overcome their late filing is if they can show that the delay resulted from excusable neglect under Fed. R. Civ. P. 6(b)(1)(B), as interpreted by the Supreme Court in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993). However, excusable neglect "is not easily demonstrated, nor was it intended to be." *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996); *see also Gaskins,* 281 F. App'x. at 260 (observing that plaintiffs that filed an untimely motion for fees because of a misunderstanding of the applicable deadline would face an "uphill battle" showing excusable neglect). Indeed, claims of "inadvertence, ignore of the rules, or

4

mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer*, 507 U.S. at 392. Claimants' motion for fees offers no justification for the late filing and no showing of excusable neglect.

Accordingly, consistent with the Federal Rules of Civil Procedure and well-established caselaw, Claimants' motion for attorneys' fees should be stricken as untimely and their motion for attorneys' fees should be denied.

Respectfully submitted this 6th day of June, 2022.

    DENA J. KING
    UNITED STATES ATTORNEY

    **s/Jonathan D. Letzring**
    JONATHAN D. LETZRING
    Assistant United States Attorney
    Georgia Bar No. 141651
    Room 233, U.S. Courthouse
    100 Otis Street
    Asheville, North Carolina 28801
    Telephone No. (828) 271-4661
    Jonathan.Letzring@usdoj.gov

    **s/Caroline B. McLean**
    CAROLINE B. MCLEAN
    Assistant United States Attorney
    N.C. Bar No. 41094
    Room 233, U.S. Courthouse
    100 Otis Street
    Asheville, North Carolina 28801
    Telephone No. (828) 271-4661
    Caroline.McLean@usdoj.gov