# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

### CIVIL NO. 1:19-cv-7-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| APPROXIMATELY $13,205.54 IN U.S. | ) |
| CURRENCY SEIZED FROM RAHKIM | ) |
| FRANKLIN ON AUGUST 21, 2018 IN | ) |
| RUTHERFORD COUNTY, NORTH | ) |
| CAROLINA, | ) |
| | ) |
| Defendant. | ) |

## GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION TO CLAIMANTS' MOTION FOR AN EXTENSION OF TIME TO FILE THEIR PETITION FOR ATTORNEYS' FEES

The Government hereby files this response in opposition to Claimants' motion for an extension of time to file their petition for attorneys' fees.

## INTRODUCTION

Claimants' motion requests an extension of time to file their untimely fee petition eighty-two days after the expiration of the deadline. Though Claimants maintain in their opposition to the Government's motion to strike that their fee petition was not untimely (Doc. 106), in the instant motion, Claimants advance an alternative argument that the Court should extend the deadline for filing their fee

1

petition based upon excusable neglect. However, Claimants cannot show excusable neglect because they seek to justify their late filing based upon an erroneous and unreasonable interpretation of an unambiguous federal rule, which is insufficient under Fourth Circuit precedent.

Claimants' delay in filing their fee petition almost two months late is unsupportable under any reasonable interpretation of the law, and their disregard for a clear deadline has prejudiced the Government. The Fourth Circuit "has cautioned . . . that 'excusable neglect' is not easily demonstrated, nor was it intended to be." *Gaskins v. BFI Waste Servs., LLC*, 281 Fed. App'x. 255, 260 (4th Cir. 2008) (quoting *Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996)). Under Fourth Circuit precedent, Claimants have not shown excusable neglect.

## ARGUMENT

### A. Claimants' Fee Petition Was Untimely

As set forth in the Government's briefing in support of its motion to strike, Claimants' fee petition was untimely. *See* Docs. 103, 109. The language of Fed. R. Civ. P. 54(d)(2)(B) is clear. It provides that "[u]nless a statute or a court order provides otherwise, the motion [for attorneys' fees] must . . . be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B). It is undisputed that there is no statute or court order that sets a different deadline for filing a fee petition in this case. *See* Doc. 106, at 11. Accordingly, Claimants'

2

motion for attorneys' fees was due "14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B). Rule 54(a) defines the term "judgment," explaining that it constitutes "any order from which an appeal lies." Fed. R. Civ. P. 54(a).

Here, "the entry of judgment" occurred on March 16, 2022, when the Court issued its Order on the merits of the case, concluding that the Government's Complaint should be dismissed. Applying the 14-day deadline in Rule 54(d)(2)(B), Claimants' motion for attorneys' fees was due by March 30, 2022. Claimants' fee petition, which was not filed until May 24, 2022, is thus untimely.

**B.     Excusable Neglect Is Not Easily Demonstrated in the Fourth Circuit**

Claimants argue that even if their fee petition was untimely, this Court should excuse their late filing due to excusable neglect. Federal Rule of Civil Procedure 6(b)(1)(B)[1] provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time" on a party's motion "after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The burden of establishing excusable neglect is on the party asserting it. *See Williams v. Virginia*, 524 Fed. App'x. 40, 42 (4th Cir. 2013).

---

[1] Claimants cite Fed. R. Civ. P. 6(b)(2) in their motion for extension of time, instead of Rule 6(b)(1)(B). The Government assumes that Claimants seek to rely upon Rule 6(b)(1)(B).

3

Case 1:19-cv-00007-MR-WCM   Document 110   Filed 07/05/22   Page 3 of 14

As noted above, the Fourth Circuit "has cautioned . . . that 'excusable neglect' is not easily demonstrated, nor was it intended to be." *Gaskins*, 281 Fed. App'x. at 260 (quoting *Thompson*, 76 F.3d at 534) (affirming refusal to grant enlargement of time to file appeal under Fed. R. App. P. 4(a)(1) because plaintiff failed to show excusable neglect). The Fourth Circuit has further emphasized that "a district court should find excusable neglect only in the *extraordinary cases* where injustice would otherwise result." *Symbionics, Inc. v. Ortlieb*, 432 Fed. App'x. 216, 220 (4th Cir. 2011) (quoting *Thompson*, 76 F.3d at 534) (emphasis in original). The Supreme Court has made clear that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 392 (1993).

To determine whether a party can satisfy the excusable neglect standard, the Supreme Court in *Pioneer* set forth various factors for courts to consider, including: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith.[2] *Id.* at 395. The Fourth Circuit has

---

[2] The "fourth *Pioneer* factor is rarely material, as the absence of good faith is seldom at issue in excusable neglect cases." *Symbionics, Inc.*, 432 Fed. App'x. at 219.

explained that "the third *Pioneer* factor—the untimely party's reason for the delay—is the most important to the excusable neglect inquiry." *Symbionics, Inc.*, 432 Fed. App'x. at 219.

## C. <u>Claimants' Reason for the Delay is Deficient</u>

Claimants' proffered reason for failing to timely file their fee petition is insufficient to demonstrate excusable neglect. Disregarding the plain language of Fed. R. Civ. P. 54(d)(2)(B), Claimants advance two main arguments: first, that they delayed in filing their fee petition because the Court's judgment was not final until the Government's appeal deadline expired; and second, that they could not be sure that they "substantially prevailed" under CAFRA until the Government's appeal deadline had run. The Government explained why these arguments are meritless in its reply brief in support of its motion to strike. *See* Doc. 109. Suffice it to say, Claimants' proffered reason for the delay in filing their fee petition amounts to nothing more than misconstruing the law based upon an unreasonable and erroneous interpretation of Rule 54(d)(2)(B) and CAFRA.

Numerous courts, including within the Fourth Circuit, have held that a party's failure to comply with an unambiguous procedural rule does not constitute excusable neglect. *See, e.g., B&G Bldg. Maint., Inc. v. N.L.R.B.*, 123 Fed. App'x. 551, 553 (4th Cir 2005) ("Even if all of the other factors weigh in favor of the untimely party, neglect is not excusable 'when there is no proffered reason that would justify, or . . .

5

plausibly explain, [the] misreading of the rules.'" (quoting *Hospital del Maestro v. NLRB,* 263 F.3d 173, 175 (1st Cir. 2001)); *Hamilton Beach Brands, Inc. v. Sunbeam Prods., Inc.*, No. 3:11-cv-345, 2012 WL 5473752, a *3 (E.D. Va. Nov. 9, 2012) ("misinterpretation of the Federal Rules does not constitute excusable neglect"); *Peter B. v. Buscemi*, No. 6:10-767-TMC, 2017 WL 4457775, at *1-4 (D.S.C. July 28, 2017) (counsel's mistaken interpretation of a rule will not ordinarily constitute excusable neglect), *aff'd* 728 Fed. App'x. 205 (4th Cir. 2018); *Gaskins*, 281 Fed. App'x. at 260 (emphasizing that excusable neglect is not easily demonstrated). *See also Advanced Estimating System, Inc. v. Riney,* 130 F.3d 996, 997 (11th Cir. 1997) (holding "as a matter of law, the lawyer's failure to understand clear law cannot constitute excusable neglect"); *Canfield v. Van Atta Buick/GMC Truck, Inc.,* 127 F.3d 248, 250-51 (2d Cir. 1997) ("failure to follow the clear dictates of a court rule will generally not constitute excusable neglect" and where "the rule is entirely clear, we continue to expect a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test"); *United States v. Torres*, 372 F.3d 1159, 1163-64 (10th Cir. 2004) ("counsel's misinterpretation of a readily accessible, unambiguous rule cannot be grounds for relief unless '[t]he word 'excusable' [is to be] read out of the

rule.'") (quoting *Prizevoits v. Indiana Bell Telephone Co.*, 76 F.3d 132, 134 (7th Cir. 1996)).[3]

Claimants urge that the facts here are "remarkably similar" to the Eighth Circuit's recent decision in *Spirit Lake Tribe v. Jaeger*, 5 F.4th 849 (8th Cir. 2021). Doc. 108, at 17. Claimants are incorrect. Unlike the present case, *Spirit Lake Tribe* did not involve the unambiguous application of a clear procedural rule. Instead, the court there tackled an ambiguity in the law concerning whether an order granting a preliminary injunction constituted an "entry of judgment" triggering the 14-day deadline for the filing of a motion for attorneys' fees. *Id.* at 853-55. The Eighth Circuit held that plaintiffs' delay in filing their fee petition met the excusable neglect standard because the Supreme Court had previously noted that the "tentative character" of a preliminary injunction can sometimes render a fee request at that stage premature. *Id.* at 855. Moreover, there were no Eighth Circuit cases on point, so the plaintiff relied upon two district court decisions holding that a preliminary injunction is not a triggering event for filing a motion for attorneys' fees.

---

[3] Citing a string of cases, Claimants maintain that courts commonly excuse untimely fee petitions based upon excusable neglect. *See* Doc. 108, at 5-8. However, these cases are distinguishable, as they either involved a party's interpretation of an ambiguous statute or rule, presented a situation outside of the party's control such as an illness, medical emergency, or a technology malfunction, and/or involved a short filing delay that did not cause any prejudice.

7

*Id.* By contrast, here there is no reasonable question that the Court's March 16, 2022, Order constituted an "entry of judgment" triggering the 14-day deadline. Unlike the plaintiffs in *Spirit Lake Tribe*, Claimants base their excusable neglect argument on nothing more than an unreasonable interpretation of a clear procedural rule, i.e., Rule 54.

Two cases from within the Fourth Circuit further confirm that Claimants cannot demonstrate excusable neglect. Just like Claimants, in *Peter B. v. Buscemi*, the plaintiff attempted to justify the late filing of a fee petition on the grounds that the district court's judgment was not "final" until the completion of the appeal process. 2017 WL 4457775, at *1-4. Applying the unambiguous language of Rule 54, the district court rejected the plaintiff's argument, explaining that the district court's order was "undoubtedly a final order" because it was an order from which an appeal could lie. *Id.* at *2. Emphasizing that an attorney's mistaken interpretation of a rule or statute will not ordinarily constitute excusable neglect, the district court found that the plaintiff "has not demonstrated excusable neglect based upon counsel's misinterpretation of a rule." *Id.* at *3-4. The Fourth Circuit affirmed. *See Peter B. v. Buscemi*, 728 Fed. App'x. 205 (4th Cir. 2018)

Similarly, in *Gaskins v. BFI Waste Serv., LLC*, the plaintiffs conceded on appeal to the Fourth Circuit that they untimely filed their fee petition due to their mistaken determination that the entry of judgment that triggers the 14-day deadline

8

for their fee petition does not occur until resolution of the appeal process. 281 Fed. App'x. at 259. In remanding the case to the district court to rule on the issue of excusable neglect, the Fourth Circuit noted that [t]he legal authorities governing the excusable neglect doctrine indicate that [plaintiffs' contention] . . . will present obvious difficulties, however, and on this record, the plaintiffs will face an uphill battle." *Id.* at 260. On remand, the district court denied the plaintiffs' fee petition as untimely, notwithstanding the fact that the case involved egregious allegations of racially hostile conduct, and the plaintiffs sought more than $427,000 in attorneys' fees. *See Gaskins v. BFI Waste Serv., LLC*, No. 1:02-cv-1832-GBL (E.D. Va. Jan. 21, 2009), Doc. 212 (following remand from Fourth Circuit, district court denied motion for attorneys' fees); *Gaskins*, 281 Fed. App'x. at 256-57.

Under the persuasive weight of these decisions, Claimants cannot show that their failure to adhere to the plain language of Rule 54(d)(2)(B) meets the excusable neglect standard. Indeed, accepting Claimants' position would essentially require this Court to remove the word "excusable" out of the language of Fed. R. Civ. 6(b)(1)(B). Moreover, Claimants' fee petition underscores that their untimely filing is inexcusable given that they assert in their petition that Claimants' counsel are among the few attorneys who have "the full set of legal skills required to successfully litigate this case," and "have significant experience in forfeiture cases in Federal Court, having served as one of the lead counsels in one of the most complex

9

forfeitures in Federal District Court." Doc. 99, at 13, 23. Additionally, Claimants' billing records indicate that they have a team of seven attorneys who have performed work on this case at various times. Doc. 99-3, at ECF pp. 30-31. Under these circumstances, Claimants' failure to comply with a clear federal procedural rule is particularly inexcusable.

**D.    Claimants' Delay Prejudiced the Government**

Two additional *Pioneer* factors, the danger of prejudice to the non-moving party, and the length of the delay, also favor the Government's position. As explained above, Claimants did not file their motion for attorneys' fees until May 24, 2022—55 days beyond the deadline set by Rule 54(d)(2)(B), and after the Government's appeal deadline had expired. Unlike many of the cases relied upon by Claimants where a court excused an untimely filing, the delay here was lengthy and unjustified.

Moreover, Claimants' delay did prejudice the Government. As the Government explained in its reply brief in support of its motion to strike, Rule 54(d)(2)(B)'s 14-day deadline serves important purposes, particularly, the deadline provides a party who may be considering appealing a judgment with a full understanding of the amount at stake in the dispute. *See* Doc. 109, at 4-5; Fed. R. Civ. P. 54 Advisory Comm. Note (1993 Amendments) ("One purpose of this provision is to assure that the opposing party is informed of the claim before the time

10

for appeal has elapsed."). As the advisory committee notes observe, a key purpose of Rule 54 is to align the resolution of a request for attorneys' fees with the time for appealing the merits of the case. *Id.*; *see also Gaskins*, 281 Fed. App'x. at 259 n.7 (noting that Rule 54(d)(2)(B)'s time constraints promote fairness and judicial economy).

Because of Claimants' decision to wait to file their fee petition until after the Government's deadline to appeal expired, the Government could not factor Claimants' request for $233,859.84 in attorneys' fees into its decision regarding whether to seek an appeal of the Court's judgment. Claimants' fee request seeks almost eighteen times more than the amount at stake at trial. If Claimants had complied with the 14-deadline in Rule 54, the Government would have been able to consider the substantial nature of Claimants' fee request in evaluating whether to appeal. Claimants' untimely filing has prejudiced the Government.

### E. The Equities Do Not Favor Claimants

Claimants assert that an injustice would result if they were denied attorneys' fees. Doc. 108. In an attempt to support this argument, Claimants discuss the legislative history and the purpose of CAFRA. But this discussion is irrelevant to the issue of excusable neglect. An attorney who prevails in a case under CAFRA must simply do what numerous other attorneys in CAFRA cases have had no trouble doing—comply with the 14-day deadline in Rule 54(d)(2)(B). *See, e.g.*, *United*

11

*States v. $107,702.66 in U.S. Currency*, 7:14-cv-00295-F (E.D.N.C. Feb. 5, 2016) (Doc. 37) (3 days after the entry of judgment dismissing the case, claimants filed a motion for an extension of time to file their motion for attorneys' fees, recognizing the 14-day deadline imposed by Fed. R. Civ. P. 54); *United States v. $116,850 in U.S. Currency*, No. 3:14-cv-01794-JFA (D.S.C. Aug. 21, 2015) (Doc. 114) (claimant filed motion for attorneys' fees within 14 days of Court's Order directing the return of the Defendant Currency); *United States v. $114,700 in U.S. Currency*, No. 1:17-cv-00452-CMA-GPG (D. Col. Dec. 20, 2019) (Doc. 134) (claimant filed motion for attorneys' fees within 14 days of judgment).

Claimants' suggestion that denying them attorneys' fees may dissuade other attorneys from pursuing civil forfeiture cases such as this one is also unfounded. Adherence to the procedural rules will not dissuade attorneys from pursuing cases under CAFRA; to the contrary, it promotes the purpose of CAFRA and the rules of civil procedure. Moreover, as set forth in the Government's reply in support of its motion to strike, Congress knows how to alter the deadlines and procedures for seeking attorney's fees under a federal statute when it believes it is appropriate to do so, and it has not done so in CAFRA.

By way of example, the Equal Access to Justice Act ("EAJA"), sets a 30-day deadline for filing a fee application, and contains its own definition of the term "final judgment," providing that it constitutes "a judgment that is final and not appealable,

12

and includes an order of settlement." *See* 28 U.S.C. §§ 2412(d)(1)(A), 2412(d)(2)(G). Unlike EAJA, CAFRA contains no such provisions, and the language of Rule 54(d)(2)(B) therefore controls.

Accepting Claimants' position would result in an open-ended deadline for seeking attorneys' fees under CAFRA that is without any statutory or other legal support. It would also invite other parties to ignore the 14-day deadline in Rule 54 any time the statute under which they prevailed does not contain its own deadline for filing a fee petition. Such results are directly at odds with the language and purpose of Rule 54. Contrary to Claimants' position, there is no injustice in requiring compliance with a clear rule of federal civil procedure. *See Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366-67 (2d Cir. 2003) (noting that "the equities will rarely if ever favor a party who fail[s] to follow the clear dictates of a court rule") (quotation marks omitted).

As this Court has cautioned, "[t]he rules of this Court are not mere suggestions. Adherence to the Rules of Civil Procedure and the Local Rules is necessary to the orderly disposition of the Court's docket. Failure of counsel to do so hinders this Court in its mission and thus puts compliant parties at a disadvantage." *C.H. v. Asheville City Bd. of Educ.*, No. 1:12-cv-000377-MR-DLH, 2014 WL 1092290, at *3 (W.D.N.C. Mar. 18, 2014). Under Fourth Circuit

precedent, Claimants' failure to adhere to a deadline set by a clear rule of federal civil procedure does not demonstrate excusable neglect.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court deny Claimants' motion for an extension of time, and strike as untimely Claimants' motion for attorneys' fees.

Respectfully submitted this 5th day of July, 2022.

DENA J. KING
UNITED STATES ATTORNEY

**s/Jonathan D. Letzring**
JONATHAN D. LETZRING
Assistant United States Attorney
Georgia Bar No. 141651
Room 233, U.S. Courthouse
100 Otis Street
Asheville, North Carolina 28801
Telephone No. (828) 271-4661
Jonathan.Letzring@usdoj.gov

**s/Caroline B. McLean**
CAROLINE B. MCLEAN
Assistant United States Attorney
N.C. Bar No. 41094
Room 233, U.S. Courthouse
100 Otis Street
Asheville, North Carolina 28801
Telephone No. (828) 271-4661
Caroline.McLean@usdoj.gov

14