THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00007-MR

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OF** |
| vs. | ) | **DECISION AND ORDER** |
| | ) | |
| APPROXIMATELY $13,205.54 IN U.S. CURRENCY SEIZED FROM RAHKIM FRANKLIN ON AUGUST 21, 2018 IN RUTHERFORD COUNTY, NORTH CAROLINA, | ) ) ) ) ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Claimants' Application for Attorneys' Fees under 28 U.S.C. § 2465(b)(1)(A) [Doc. 98]; the Government's Motion to Strike Claimants' Untimely Motion for Attorney Fees and Materials Filed in Support Thereof [Doc. 102]; the Claimants' Motion in the Alternative for Extension of Time under Fed. R. Civ. P. 6(b)(2) for Application for Attorneys' Fees under 28 U.S.C. § 2465(b)(1)(A) [Doc. 107, as corrected, Doc. 112]; and the Claimants' Motion for Leave to File a Reply Brief in Excess of Ten Pages [Doc. 113].

## I. PROCEDURAL BACKGROUND

This is a civil forfeiture action brought against $13,205.54 ("the Defendant Currency") that was seized from Rahkim Franklin during a traffic stop on August 21, 2018. The Government filed a Complaint for Forfeiture in Rem on January 7, 2019, asserting that the Defendant Currency constitutes money furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 841 and/or 846, proceeds traceable to such an exchange, and/or money used or intended to be used to facilitate a violation of 21 U.S.C. §§ 841 and/or 846, and therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6). [Doc. 1].

On February 7, 2019, Rahkim Franklin and Shelly Medrano ("the Claimants") asserted claims to the Defendant Currency. [Doc. 5]. This matter proceeded to a bench trial on May 6, 2021.[1] On March 16, 2022, the Court entered its Findings of Fact and Conclusions of Law, dismissing the Complaint for Forfeiture in Rem and declaring the Claimants to be the rightful owners of the Defendant Currency. [Doc. 95]. The Clerk entered a Judgment to that effect the same day. [Doc. 96].

---

[1] This matter was originally scheduled for trial during the Court's May 2020 term but had to be continued a number of times due to the ongoing COVID-19 pandemic.

On May 24, 2022, the Claimants filed their Application for an award of attorneys' fees pursuant to 28 U.S.C. § 2465(b)(1)(A). [Doc. 98]. The Government in turn moved to strike the Application as untimely.[2] [Doc. 102]. The Claimants opposed the Government's motion to strike, arguing that their Application was timely [Doc. 106], and the Government replied [Doc. 109]. Alternatively, the Claimants moved for an extension of time *nunc pro tunc* in which to file their Application. [Doc. 107].[3] The Government filed a response in opposition to this motion. [Doc. 110]. The Claimants filed a 19-page Reply in support of their motion. [Doc. 112]. The next day, the Claimants sought leave to file a brief in excess of the ten-page limit. [Doc. 113]. The Government opposes the Claimants' request for leave to file excess pages. [Doc. 114].

Having been fully briefed, these matters are now ripe for disposition.

---

[2] The Government also moved for an extension of time, until 21 days after the ruling on the Government's motion to strike to file a substantive response to the Claimants' Application for Attorneys' Fees. [Doc. 104]. The Court granted that motion by a separate Order. [Doc. 105].

[3] The Claimants subsequently filed an Amended Motion for Extension of Time after the Government pointed out in its Response that the Claimants were seeking relief under the wrong provision of Rule 6 of the Federal Rules of Civil Procedure. [Doc. 112].

## II. DISCUSSION

The Government moves to strike the Claimants' Application for an award of fees and costs on the grounds that the Claimants failed to timely file their motion within fourteen (14) days of the entry of judgment in accordance with Fed. R. Civ. P. 54(d)(2). [Doc. 102]. The Claimants contend that Rule 54(d)(2) is inapplicable to this proceeding but that, even if that Rule were applicable, the Court should consider their application to have been timely filed. Alternatively, the Claimants argue that the Court should apply the principles of equitable tolling or otherwise find excusable neglect on the part of the Claimants so as to permit the untimely filing of their fee application.

The Claimants seek an award of attorneys' fees and costs pursuant to the Civil Asset Forfeiture Reform Act ("CAFRA"), which provides, in pertinent part, "in any civil proceeding to forfeit property under any provision of Federal law in which the claimant substantially prevails, the United States shall be liable for . . . reasonable attorney fees and other litigation costs reasonably incurred by the claimant." 28 U.S.C. § 2465(b)(1)(A). By the plain terms of the statute, upon a finding that a claimant in a civil forfeiture proceeding has "substantially prevailed," the award of fees and costs is "mandatory." United States v. Kim, 806 F.3d 1161, 1171 (9th Cir. 2015); United States v. $116,850

4

in U.S. Currency, 166 F. Supp. 3d 626, 631 (D.S.C. 2015) (noting that CAFRA "*requires* the Government to pay the attorney's fees and other litigation costs of a claimant who 'substantially prevails' in a forfeiture proceeding") (emphasis added).

Section 2465(b)(1)(A) does not set forth a specific deadline by which a request for fees must be filed. Absent a statutory deadline, the Court looks to the Federal Rules of Civil Procedure. Rule 54 of the Federal Rules of Civil Procedure provides, in pertinent part, that "[u]nless a statute or court order provides otherwise," a motion for attorneys' fees must "be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). Thus, pursuant to this provision, the Claimants had fourteen (14) days from the entry of judgment on March 16, 2022, within which to file their application for fees and costs.[4] Because their application was not filed until May 24, 2022, it is clearly untimely under Rule 54(d)(2)(B)(i).

The Claimants contend that Rule 54(d) only governs situations where a litigant seeks to establish an *entitlement* to attorney's fees and costs. [Doc.

---

[4] The Claimants argue that the phrase "entry of judgment" as employed in Rule 54(d)(2)(B)(i) should be construed to mean the date when the judgment became *final*, that is, upon the expiration of the appeals deadline or the exhaustion of all appeals. [See Doc. 106 at 12-13]. This interpretation, however, squarely contradicts Rule 54(a), which specifically defines a "judgment" for the purposes of that Rule as "any order from which an appeal lies." Fed. R. Civ. P. 54(a). Under this definition, the 14-day period began to run from the entry of the Clerk's Judgment on March 16, 2022.

106 at 10-11]. The Claimants argue that because it is clear that they "substantially prevailed" in the forfeiture proceeding, the award of fees and costs was mandatory, and therefore no motion was necessary to establish their entitlement to such fees. [Id.].

While the issue of whether the Claimants here "substantially prevailed" does not appear to be in serious contention, the Court has not yet made any specific finding regarding the Claimants' entitlement to fees. Notably, the Claimants did not propose any such finding in their proposed Findings of Fact and Conclusions of Law, and as such, the Judgment did not include any such finding. [See Doc. 72]. This fact distinguishes this case from those decisions cited by the Claimants wherein courts, in contexts other than CAFRA, have held the time limitation of Rule 54(d)(2) to be inapplicable. See ComLab, Corp. v. Kal Tire, No. 17-CV-1907 (PKC) (OTW), 2019 WL 2144307, at *2 (S.D.N.Y. Apr. 18, 2019), report and recommendation adopted, 2019 WL 2137135 (S.D.N.Y. May 16, 2019), aff'd sub nom. ComLab, Corp. v. Tire, 815 F. App'x 597 (2d Cir. 2020) (stating that Rule 54(d) does not apply to case where the court had "already rendered judgment as to [Kal Tire's] entitlement to a fee award, and where the only issue awaiting judicial resolution is the appropriate amount of such an award"); Lijoi v. Cont'l Cas. Co., No. 01-CV-4536, ECF No. 84, at 8 (E.D.N.Y.

6

Case 1:19-cv-00007-MR-WCM   Document 116   Filed 08/05/22   Page 6 of 11

Feb 6, 2007), adopted by Lijoi v. Cont'l Cas. Co., No. 01-CV-4536, 2007 WL 708238 (E.D.N.Y. Mar. 1, 2007) (finding Rule 54's time limitation inapplicable where district judge had already awarded attorney's fees in order granting summary judgment and only issue that remained was to determine amount of fees to be awarded); Saudi Iron & Steel Co. v. Stemcor USA, Inc., No. 97 CIV. 5976 (DLC), 1997 WL 790746 at *2 (S.D.N.Y. Dec. 23, 1997) ("Rule 54(d)(2)(B) does not apply to situations ... wherein the Court has already granted a party's motion for attorneys' fees.").

For all these reasons, the Court concludes that the Claimants' fee application was subject to the time limitation set forth in Rule 54(d)(2)(B) and therefore was untimely filed.

In the event that the Court finds their fee application to be untimely, the Claimants alternatively move for an extension of time *nunc pro tunc* to file their application as a result of excusable neglect. [Doc. 107, as corrected, Doc. 112].

The Rules of Civil Procedure provide that when an act must be done within a specific time, the Court may, upon a showing of good cause, extend the time "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). In determining whether neglect is excusable, the Court should consider: "[1] the danger of

prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." In re MI Windows and Doors, Inc. Prods. Liab. Litig., 860 F.3d 218, 226 (4th Cir. 2017) (quoting Pioneer Investment Servs. Co. v. Brunswick Assocs., L.P., 507 U.S. 380, 395 (1993)). None of these factors, however, is dispositive, and "while inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect, it is clear that excusable neglect is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." In re MI Windows and Doors, 860 F.3d at 226 (quoting Pioneer Investment, 507 U.S. at 392) (internal quotation marks omitted).

Here, the Government will not suffer any undue prejudice by allowing the untimely filing of the fee application. As noted above, where a civil forfeiture claimant substantially prevails, the payment of attorneys' fees and costs by the Government is mandatory. There is no question here that the Claimants 'substantially prevailed' in this matter. [See Doc. 109: Gov't's Reply at 5 ("it is beyond dispute that Claimants 'substantially prevailed'"). If the fee petition were stricken simply on the basis of untimeliness, the

8

Claimants would be deprived of a substantial benefit conferred by CAFRA: the mandatory payment of reasonable fees and costs upon prevailing in the action.[5]

As for the other relevant factors, the Court finds that the delay in the filing of the fee petition has a minimal impact on the present proceedings. As for the reason for the delay, it appears that the timing of the fee application arose from counsel's mistaken belief that such application should not be filed until after the judgment became final (i.e., the appeals period had run). There is no indication that the Claimants, or their counsel, in any way acted in bad faith in this regard. Rather, the delay was a result of counsel's good faith (albeit incorrect) interpretation of the interplay between CAFRA and Rule 54(d). Given the substantial prejudice that the Claimants would face in the absence of relief, and in light of the remedial purposes of the fee-shifting provision in CAFRA, the Court in its discretion will find that excusable neglect exists for the untimely filing of the fee application. As previously ordered, the

---

[5] The Government contends that it has been substantially prejudiced because it was deprived of the opportunity of evaluating the Claimants' fee request when deciding whether to appeal the Judgment in this matter. The Court, however, fails to see how the timing of the fee application would impact the Government's decision to appeal the substantive rulings of the Court regarding the underlying action. In any event, the Government is not prohibited from appealing any order awarding fees and costs. Thus, the Claimants' delay in submitting their fee application until after the deadline for the Government to appeal the underlying Judgment does not substantially impact the Government's ability to contest such fees.

9

Government will have 21 days from the entry of this Order in which to respond to the Claimants' fee application.[6]

**O R D E R**

**IT IS, THEREFORE, ORDERED** that:

(1) The Government's Motion to Strike Claimants' Untimely Motion for Attorney Fees and Materials Filed in Support Thereof [Doc. 102] is **DENIED**;

(2) The Claimants' Motion in the Alternative for Extension of Time under Fed. R. Civ. P. 6(b)(2) for Application for Attorneys' Fees under 28 U.S.C. § 2465(b)(1)(A) [Doc. 107, as corrected, Doc. 112] is **GRANTED**;

(3) The Claimants' Motion for Leave to File a Reply Brief in Excess of Ten Pages [Doc. 113] is **DENIED**; and

(4) In accordance with the Court's prior Order [Doc. 105], the Government shall file its Response to the Claimants' Application for Attorneys' Fees within twenty-one (21) days of this Order.

---

[6] The Claimants seek leave to file a 19-page reply brief in support of their motion for extension of time. [Doc. 113]. The Claimants' motion is denied.

**IT IS SO ORDERED.**

.Signed: August 5, 2022

Martin Reidinger
Chief United States District Judge

11